1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   LORENZO DARNELL HUTSON,          )   Case No.: 1:16-cv-00012-DAD-SAB (PC)
                                      )
12              Plaintiff,            )
                                      )   ORDER DISMISSING COMPLAINT, WITH
13        v.                          )   LEAVE TO AMEND, FOR FAILURE TO STATE
                                      )   A COGNIZABLE CLAIM FOR RELIEF
14   MICHAEL BAEZ,                    )
                                      )   [ECF No. 1]
15              Defendant.            )
                                      )
16   _____)

17        Plaintiff Lorenzo Darnell Hutson is appearing pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983.  Plaintiff declined magistrate judge jurisdiction and this matter

19   was therefore referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and

20   Local Rule 302.  (ECF No. 9.)

21        Currently before the Court is Plaintiff's complaint, filed on December 29, 2015, in the United

22   States District Court for the Northern District of California.  The action was transferred to this Court

23   on January 4, 2016.  (ECF No. 5.)

24                                        **I.**

25                          **SCREENING REQUIREMENT**

26        The Court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

                                          1

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Correctional officer Michael Baeza "used unreasonable, unnecessary and excessive force in violation of the legal rights of Plaintiff. On 10/02/14, [Baeza] choked Plaintiff and caused injury while he was housed on Facility 3B. Such incident was unprovoked by Plaintiff and the Defendant knew or should have known his action violated law."

Plaintiff seeks a jury trial, award of exemplary damages, and housing in a facility where Defendant is not present.

///

///

### III.

### DISCUSSION

**A.     Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff's allegations relating to the use of force by officer Baeza are vague and conclusory. Plaintiff has not clearly delineated the factual allegations surrounding the use of force.  As such, the Court cannot determine whether it is plausible that defendants used force "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 7. Plaintiff does not explain what led to the incident, where the incident took place, what if any reasons were given by defendant for his actions, whether defendant engaged in other conduct to defuse the use of force, or why Plaintiff believes the use of force was extreme and unnecessary.  Accordingly, Plaintiff fails to state a cognizable claim for excessive force under the Eighth Amendment, and Plaintiff will be granted leave to amend.

///

///

///

///

3

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ."  Twombly, 550 U.S. at 555 (citations omitted).   In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action.  If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss any claims it finds to be improperly joined.

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's complaint, filed December 29, 2015, is dismissed for failure to state a claim;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 16, 2016**

UNITED STATES MAGISTRATE JUDGE