UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO DARNELL HUTSON, | Case No.: 1:16-cv-00012-DAD-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| MICHAEL BAEZ, et al., | |
| Defendants. | [ECF Nos. 14, 15, 16] |

Plaintiff Lorenzo Darnell Hutson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined magistrate judge jurisdiction and this matter was therefore referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. (ECF No. 9.)

**I.**

**RELEVANT HISTORY**

On July 7, 2016, the Court vacated the Findings and Recommendations recommending dismissal of the action for failure to comply with a court order and failure to state a cognizable claim for relief. Plaintiff was granted thirty days from the date of service of the July 7, 2016, order to file an amended complaint. More than thirty days have since passed, and Plaintiff has not complied with or

///

///

1

otherwise responded to the Court's order.[1]  As a result, there is no pleading on file which sets forth any claims upon which relief may be granted.

## II.

## DISCUSSION

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  In re PPA, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted).  Further, the Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ." Pagtalunan, 291 F.3d at 642 (citation and internal quotation marks omitted).

The Court constrained to find that the prejudice factor weighs against dismissal because the mere pendency of an action does not constitute prejudice.  In re PPA, 460 F.3d at 1228; Pagtalunan, 291 F.3d at 642-43.  Further, while public policy favors disposition on the merits and therefore weighs against dismissal.  In re PPA, 460 F.3d at 1228; Pagtalunan, 291 F.3d at 643.

However, there are no alternative sanctions which are satisfactory.  In re PPA, 460 F.3d at 1228-29; Pagtalunan, 291 F.3d at 643.  A monetary sanction has little to no benefit in a case in which the Plaintiff is proceeding in forma pauperis, and Plaintiff has failed to comply with the Court's orders

---

[1] On July 22, 2016, the July 7, 2016, order was returned to the Court as "undeliverable."

which suggests lack of diligence on Plaintiff's part with respect to prosecuting this action. In sum, the Court finds that dismissal is warranted given Plaintiff's unwillingness to file an amended complaint or otherwise respond to the Court's July 7, 2016, order vacating the Findings and Recommendation recommending dismissal of the action and granting Plaintiff thirty days to file an amended complaint.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed, with prejudice, for failure to comply with a court order and failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 15, 2016__

UNITED STATES MAGISTRATE JUDGE